Anita L. Steburg, State Bar No. 245933
STEBURG LAW FIRM, PC
1798 Technology Drive, Suite 258
San Jose, CA 95110
Phone (408) 573-1122
Fax (408) 573-1126

Attorney for Plaintiffs
SUSAN LERCH and MICHAEL CRUMB

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN LERCH and MICHAEL CRUMB, individuals,<br><br>  Plaintiffs,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; CITIMORTGAGE, INC.; ALLIANCEONE RECEIVABLES MANAGEMENT, INC.; and Does 1-10,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1679 and § 1681)**<br>  1. **FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)**<br>  2. **FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i)**<br>  3. **FAILURE TO INVESTIGATE (15 U.S.C. § 1681s-2(b)(1)(A)-(E))**<br>  4. **FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692)**<br>  5. **CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CIVIL CODE §§ 1788 – 1788.32)** |

COMES NOW the Plaintiffs Michael Crumb and Susan Lerch (hereinafter "Plaintiffs") by counsel, and for her complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. (hereinafter the "FCRA"). Specifically, Plaintiff seeks the remedies as provided in the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. (hereinafter the "CROA") for CitiMortgage, Inc.'s failure to investigate and/or correct inaccurate credit report information as required by 15

1  U.S.C. §§ 1681e and 1681i.

2      2.    Venue is proper before this court under 28 U.S.C. 1392(b)(2) as a substantial part of the events, circumstances and omissions give rise to this claims occurred in this district.

    3.    The jurisdiction of this Court is conferred by 12 U.S.C. § 2614; 15 U.S.C. § 1681(p); and 28 U.S.C. § 1367.

## PARTIES

    4.    Plaintiff Susan Lerch is a natural person and resides in Santa Clara County, California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

    5.    Plaintiff Michael Crumb is a natural person and resides in Stanislaus County, California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

    6.    Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa California 92626.

    7.    Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

    8.    Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

    9.    Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

    10.    Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

1 | purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

2 |     11.    Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

    12.    Upon information and belief, Defendant TRANS UNION, L.L.C. (hereinafter individually "TransUnion" and collectively with Experian and Equifax the "CRAs") is a business entity organized under the laws of Delaware authorized to do business under the laws of the State of California through its registered offices at 1510 Chester Pike, Crum Lynne, PA 19022.

    13.    Upon information and belief, TransUnion is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

    14.    Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

    15.    Upon information and belief, CitiMortgage, Inc. ("CitiMortgage") is a financial institution.  At all times herein, CitiMortgage was and is a corporation doing business in the state of California, including Santa Clara County.  CitiMortgage transacts business in and has substantial contacts with the State of California.

    16.    Upon information and belief, CitiMortgage is a "furnishers of information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2 and is a "debt collector" as applied in California Civil Code §§ 1788.2.

    17.    Upon information and belief, AllianceOne Receivables Management, Inc. (hereinafter "AllianceOne"), headquartered at 4850 Street Road, Suite 300, Trevose, PA 19053 and is a debt collector which is doing business in Santa Clara County and is authorized to do business under the laws of the State of California.  AllianceOne transacts business in and has substantial contacts with the State of California.

    18.    Upon information and belief, AllianceOne is a "debt collector" as applied in 15 U.S.C. § 1692a and California Civil Code §§ 1788.2.

# ALLEGATIONS COMMON TO ALL CLAIMS

*Plaintiffs' Foreclosure*

19. On or about September 2006, DHI Mortgage Company LTD, L.P. (hereinafter "DHI") made a home equity loan number secured by a deed of trust (hereinafter the "junior mortgage") to Plaintiffs to purchase certain real property located at 9339 Vintner Circle, Patterson, CA 95363, and designated as Assessor's Parcel Number 025-031-031-000 (hereinafter "property").

20. Upon information or belief CitiMortgage purchased the junior mortgage from DHI. CitiMortgage designated the junior mortgage loan as loan number XXXXXXX4299. There was also a senior mortgage loan on the property.

21. Upon information and belief, the junior mortgage loan was serviced by CitiMortgage.

22. Upon information and belief, the junior mortgage loan was also owned by CitiMortgage.

23. On or about October 2011, Wells Fargo Home Mortgage ("Wells Fargo") the senior lienholder, completed a non-judicial foreclosure of Plaintiffs' house when it was sold at a trustee sale. Pursuant to California Code of Civil Procedure section 580d, along with any other applicable statute, CitiMortgage is barred from seeking a deficiency judgment after Wells Fargo's taking Plaintiffs' house through this non-judicial foreclosure and the loan is extinguished.

24. Upon information and belief, after the junior mortgage was extinguished by foreclosure sale in October 2011, CitiMortgage continued collection efforts from October 2011 through May 2012.

25. Upon information and belief, after May 2012 but before January 2013, CitiMortgage sold, placed, assigned or otherwise transferred the junior mortgage to AlianceOne for collections.

26. On or about January 2013 Plaintiffs were contacted by AllianceOne with and offer to settle the junior mortgage debt.

*Inaccurately Reported Information*

27.   In their credit reports regarding Plaintiffs, all three CRA's include inaccurate information from Plaintiffs' former creditor CitiMortgage regarding the junior mortgage loan.

28.   The CRAs includes the following inaccurate information in their credit reports for Plaintiff regarding her former Mortgage with Citi Mortgage:

- Account history is inaccurate;
- Account status is inaccurate;
- Date closed is inaccurate;
- Pay status is inaccurate; and
- The status of this account being listed as a "charged off account" is not accurate.

*Credit Report Dispute*

29.   When Plaintiffs discovered these erroneous entries in their credit reports, they contacted the CRA's and requested they verify and delete the erroneous information from their credit files.

30.   On or about April 2013, Plaintiff Michael Crumb sent letters to all three CRAs notifying them of the erroneous information regarding his former junior mortgage.

31.   On or about June 2013, Trans Union informed Plaintiffs that they had concluded their investigation and provided Plaintiffs with a partial copy of their Trans Union credit report including the CitiMortgage trade line containing the disputed information.

32.   On or about June 2013, Equifax informed Plaintiffs that they had concluded their investigation and provided Plaintiffs with a partial copy of their Equifax credit report including the CitiMortgage trade line containing the disputed information.

33.   On or about June, 2013, Experian informed Plaintiffs that they had concluded their investigation and provided Plaintiffs with a partial copy of their Experian credit report including the CitiMortgage trade line containing the disputed information.

34.   On or about July 2013, Plaintiff Susan Lerch sent letters to all three CRAs notifying them of the erroneous information regarding his former junior mortgage.  Each dispute

letter was sent via certified US mail with return receipt.

35. Proof or receipt was returned to Ms. Lerch on or about July 22, 2013 from each of the credit reporting agencies.

36. As of the date of this complaint Ms. Lerch has received no responses from any of the CRAs regarding her dispute.

37. Upon information and belief, after receiving Plaintiffs' request for verification and deletion, and in accordance with their standard procedures, the CRAs did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the listings and representations from the Creditors that lead to the above-referenced errors in Plaintiffs' credit report.

38. In the alternative to the allegation that the CRAs failed to contact the information reporter, CitiMortgage, Plaintiffs allege on information and belief that the CRAs did forward some notice of the dispute to CitiMortgage and CitiMortgage failed to conduct a lawful investigation.

## FIRST CLAIM FOR RELIEF

### (CRAS)

### (Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)

39. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

40. Defendants CRAs violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiffs.

41. Plaintiffs were denied credit and unable to obtain a mortgage loan as a result of the incorrect reporting of the CitiMortgage trade line.

42. As a result of this conduct, action and inaction of Defendants CRAs, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

43. Defendants CRAs conduct, action, and inaction was willful, rendering it liable for

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

44. Plaintiffs are entitled to recover attorney's fees from Defendants CRAs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF

### (CRAS)

### (Failure to Reinvestigate – 15 U.S.C. § 1681i)

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendants CRAs violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and by relying upon verification from a source it has reason to know is unreliable.

47. As a result of this conduct, action and inaction of Defendants CRAs, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

48. Defendants CRAs' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

49. Plaintiffs are entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## THIRD CLAIM FOR RELIEF

### (CitiMortgage)

### (Failure to Investigate – 15 U.S.C. § 1681s-2(b)(1)(A)-(E))

50. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

51. When Plaintiffs attempted to dispute the inaccuracies with the CRAs, the results of the CRAs investigation reported that CitiMortgage had verified the information as accurate.

52.     The information that CitiMortgage allegedly verified included inaccurate information.

53.     Defendant CitiMortgage violated 15 U.S.C. § 1681s-2(b)(1) by failing, upon receiving notice of the dispute by Plaintiffs from the Defendant CRAs, to conduct a lawful investigation; by failing to review all relevant information provided by the Defendant CRAs; by failing to report the result of its investigation to the CRAs; if the investigation finds that the information is incomplete or inaccurate, by failing to report those results to the Defendant CRAs and/or if the information is disputed by Plaintiffs is found to be inaccurate or incomplete or cannot be verified after any reinvestigation by failing to modify, delete or permanently block that item of information.

54.     As a result of this conduct, action or inaction of Defendant CitiMortgage, Plaintiffs have suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

55.     Defendant CitiMortgage's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. 1681o.

### FOURTH CLAIM FOR RELIEF

**(AllianceOne)**

**(Fair Debt Collection Practices Act – 15 U.S.C. § 1692 et seq.)**

56.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

57.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to the collection of a deficiency upon a note secured by a deed of trust or mortgage upon real property or an estate for years therein hereafter executed in any case in which the real property or estate for years therein has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust  per California Code of Civil Procedure section 580d through a foreclosure sale and attempting to collect a debt which is not owed.

58. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## FIFTH CLAIM FOR RELIEF

**(CitiMortgage and AllianceOne)**

**(California Rosenthal Fair Debt Collection Practices Act – CA Civil Code §§ 1788 – 1788.32)**

59. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60. The foregoing acts and omissions constitute violations of the RFDCPA including misrepresentation that the debt is still owed.

61. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing and willful violation in the amount of up to $1,000 pursuant to California Civil Code § 1788.30(b) and reasonable attorney fees and costs pursuant to California Civil Code § 1788.30(c) from Bank of America, N.A. as successor by merger to FIA Card Services.

////

## DEMAND

1  WHEREFORE, Plaintiffs demand judgment for actual, compensatory, punitive and
2  restitution damages against Defendants, jointly and severely; for their attorney's fees and costs;
3  for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court
4  deems just, equitable, and proper.

6  DATED:  October 7, 2013                                  STEBURG LAW FIRM, P.C.

8                                              By:     /s/ Anita L. Steburg
                                                       Anita L. Steburg
9                                                      Attorneys for Plaintiffs
                                                       SUSAN LERCH and MICHAEL CRUMB

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial of this action.

DATED: October 7, 2013                STEBURG LAW FIRM, P.C.


By:    /s/ Anita L. Steburg
       Anita L. Steburg
       Attorneys for Plaintiffs
       SUSAN LERCH and MICHAEL CRUMB